**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

Jose Eduardo Ortega and Luis A. Barroso Aguilar,

      Plaintiffs, | Case No. _____

    v.

                and | PLAINTIFF DEMANDS
                             | TRIAL BY JURY

Barragon Demolition & Construction, Inc. and
Jose Barragon
      Defendants.

**COMPLAINT**

      Plaintiffs, Jose Eduardo Ortega ("Plaintiff" or Ortega") and Luis A. Barroso Aguilar ("Plaintiff" or "Barroso''), may collectively be referred to as Plaintiffs, by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Barragon Demolition & Construction, Inc. ("Defendant" or "Barragon Demolition") and Jose Barragon ("Defendant" or "Jose Barragon"). Barragon Demolition and Jose Barragon may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs states:

**Introduction**

1.    This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

**Parties**

2.    Plaintiffs are residents of Aurora, Illinois; and they were employed by Defendants.

3.    Barragon Demolition is a business that is located, headquartered, and conducts business in Chicago, Illinois.

4.     Barragon is the owner and President of Barragon Demolition, and they are in charge of its employees.  On information and belief, Barragon is a resident of Chicago, Illinois.

5.     Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.  Additionally, they have more than three employees.

### Jurisdiction And Venue

6.     The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Chicago, Illinois.

### Facts Common To All Claims

8.     Barragon Demolition is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9.     Barragon is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Barragon Demolition; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## **COUNT 1:  VIOLATION OF THE FLSA- Jose Eduardo Ortega v. Defendants**

10.     Plaintiff Jose Eduardo Ortega reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11.     Plaintiff began working at Barragon Demolition in or before May 17, 2022 until July 29, 2022.

12.     At all times, Plaintiff held the same position at Barragon Demolition, they were a laborer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

14.     Plaintiff was paid their wages on a(n) weekly basis.

15.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

16.     Plaintiff's rate of pay was $25.00 per hour.

17.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20.     Defendants did not pay Plaintiff for the hours worked during the last 3 weeks of employment.  Defendants owe Plaintiff $3,470.00 in unpaid wages.

21.     Plaintiff is entitled to recover unpaid and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $3,000.00 in unpaid overtime wages; (ii) liquidated damages of $3,000.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

22.     Further, Plaintiff is entitled to recover $3,470.00 in unpaid wages for the last 3 weeks of his employment at Barragon Demolition.

        **WHEREFORE,** Plaintiff Jose Eduardo Ortega respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A.     The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $3,000.00;

B.     An award liquidated damages in an amount equal to at least $3,000.00;

C.     A declaration that Defendants violated the FLSA;

D.     The amount of unpaid wages totaling $3,470.00;

E.     An award reasonable attorneys' fees and costs; and

F.     Any such additional or alternative relief as this Court deems just and proper.

### COUNT 2: VIOLATION OF IMWL-Jose Eduardo Ortega v. Defendants

21.     Plaintiff Jose Eduardo Ortega incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 21.

22.     This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

23.     Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

24.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments totaling $9,000.00, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

25.     The amount of unpaid overtime wages owed to Plaintiff is $3,000.00.                          .

        **WHEREFORE**, Plaintiff Jose Eduardo Ortega respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

        A.  The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $3,000.00;

        B.  Award Statutory damages for Plaintiff, including treble damages, totaling $9,000.00 and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

        C.  Declare that Defendants have violated the IMWL;

        D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

        E.  Grant such additional or alternative relief as this honorable court deems just and proper.


**COUNT 3 -  VIOLATIONS OF THE IWCPA – Jose Eduardo Ortega v. Defendants**

26.     Plaintiff Jose Eduardo Ortega incorporates by reference paragraphs 1-25, as if set forth in full herein in Paragraph 26.

27.    Defendants violated the IWCPA by failing to pay Plaintiff for his/her week(s) of employment with Defendants, which unpaid wages total $3,470.00.

28.    In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A.    The amount of unpaid wages, totaling at least $3,470.00;

B.    An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C.    A declaration that Defendants violated the IWCPA;

D.    An award reasonable attorneys' fees and costs; and

E.    Any such additional or alternative relief as this Court deems just and proper.

## COUNT 4: VIOLATION OF FLSA- Luis A. Barroso Aguilar v. Defendants

29.    Plaintiff Luis A. Barroso Aguilar reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 29.

30.    Barroso began working at Barragon Demolition in or before July 3, 2022, until July 17, 2022.

31.    At all times, Barroso held the same position at Barragon Demolition, he was a laborer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

32.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 70 hours per week.

33.     Plaintiff was paid their wages on a(n) daily basis.

34.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

35.     Plaintiff's rate of pay was $20.00 per hour.

36.     Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

37.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

38.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

39.     Defendants did not pay Plaintiff for the total hours worked during the 2 weeks of employment.  Defendants owe Plaintiff $2,400.00 in unpaid wages.

40.     Plaintiff is entitled to recover unpaid and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $600.00 in unpaid overtime wages; (ii) liquidated damages of $600.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit B.

41.     Further, Plaintiff is entitled to recover $2,400.00 in unpaid wages for the 2 weeks of his employment at Barragon Demolition.

        **WHEREFORE,** Plaintiff Luis A. Barroso Aguilar respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A.    The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $600.00;

B.    An award liquidated damages in an amount equal to at least $600.00

C.    A declaration that Defendants violated the FLSA;

D.    The amount of unpaid wages totaling $2,400.00;

E.    An award reasonable attorneys' fees and costs; and

F.    Any such additional or alternative relief as this Court deems just and proper.


**COUNT 5: VIOLATION OF IMWL – Luis A. Barroso Aguilar v. Defendants**

42.    Plaintiff Barroso incorporates by reference Paragraphs 29-41, as if set forth in full herein for this Paragraph 42.

43.    This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

44.    Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

45.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments totaling $1,800.00, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

46.    The amount of unpaid overtime wages owed to Plaintiff is $600.00.                        .

    **WHEREFORE**, Plaintiff Luis A. Barroso Aguilar respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

    A.  The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $600.00;

    B.  Award Statutory damages for Plaintiff, including treble damages, totaling $1,800.00, 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

    C.  Declare that Defendants have violated the IMWL;

    D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

    E.  Grant such additional or alternative relief as this honorable court deems just and proper.

## COUNT 6 -  VIOLATIONS OF THE IWCPA – Luis A. Barroso Aguilar v. Defendants

47.    Plaintiff Barroso incorporates by reference paragraphs 29-46, as if set forth in full herein in Paragraph 47.

48.    Defendants violated the IWCPA by failing to pay Plaintiff for his/her week(s) of employment with Defendants, which unpaid wages total $2,400.00.

49.    In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

    **WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants, jointly and severally, for:

A.    The amount of unpaid wages, totaling at least $2,400.00;

B.    An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C.    A declaration that Defendants violated the IWCPA;

D.    An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.


                                                        s/Daniel I. Schlade
                                                        Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
        danschlade@gmail.com


**PLAINTIFF DEMANDS TRIAL BY JURY**